UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS COLE

        Plaintiff/Counter-Defendant,

vs.

RAVINDRANATH KAMBHAMPATI, M.D.
JANAKI KAMBHAMPATI,
the RAVINDRANATH KAMBHAMPATI, M.D.
LIVING TRUST dated OCTOBER 20, 2000,
and the JANAKI KAMBHAMPATI
LIVING TRUST dated OCTOBER 20, 2000

        Defendants/Counter-Plaintiffs.

Case No.02-CV-74575
Hon. Robert H. Cleland
Magistrate Judge Wallace Capel

| | |
|---|---|
| Kotz, Sangster, Wysocki<br> and Berg, P.C.<br>Frederick A. Berg (P38002)<br>Attorney for Counter Defendant<br>400 Renaissance Center - Suite 2555<br>Detroit, Michigan 48243-1675<br>(313) 259-8300 | Ishbia & Gagleard, P.C.<br>Philip Cwagenberg (P36240)<br>Attorney for Counter-Plaintiffs<br>251 Merrill, 2nd Floor<br>Birmingham, MI 48009<br>(248) 647-8590 |

## COUNTERCLAIM

NOW COME Ravindranath Kambhampati, M.D., Janaki Kambhampati, the

Ravindranath Kambhampati, M.D. Living Trust dated October 20, 2000, and the

Janaki Kambhampati Living Trust dated October 20, 2000 (hereafter referred to as

the "Counter-Plaintiffs") by and through their attorneys, Ishbia & Gagleard, P.C.,

and for their Counter-Claim as against Counter-Defendant Louis Cole (hereafter

referred to as "Counter-Defendant") sets forth as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Counter-Plaintiffs adopt, by reference, the allegations contained in

SHBIA & GAGLEARD, P.C.
TTORNEYS AND COUNSELORS
MERRILLWOOD BUILDING
251 MERRILL STREET
SECOND FLOOR
P.O. BOX 1899
IIRMINGHAM, MI 48012-1899

(248) 647-8590

paragraphs one through seven, inclusive, from the Complaint filed by Louis Cole, as if fully set forth herein.

## FACTUAL ALLEGATIONS

2. That in the second half of 2000, Counter-Defendant, directly, and indirectly through agents, servants and or employees, including but not limited to Larry Belenke, approached the Counter-Plaintiff Ravindranath Kambhampati (hereafter referred to as "RK") about the possible purchase by Counter-Defendant of Dequindre Corporation, d/b/a Kern Hospital and Medical Center (hereafter referred to as "Kern"), from Counter-Plaintiff.

3. That prior to discussing the possible purchase of Kern from RK, Counter-Defendant, upon information and belief, had no prior experience at either owning and/or operating a licensed hospital.

4. That in advance of the consummation of the transactions, Counter-Defendant did, in fact, avail himself of significant due diligence opportunities as evidenced, *inter alia*, by Counter-Defendant's placement of an agent, servant and/or employee, to-wit: Larry Belenke, at Kern Hospital for a period of months to learn the operation of the hospital and, in fact, manage and operate the hospital.

5. That during this due diligence each and every file, record, database, document, and all other forms of information, concerning and/or relating to Kern Hospital were open and available to Counter-Defendant, directly and/or indirectly through his agents, servants and/or employees including, but not limited to, Larry Belenke.

SHBIA & GAGLEARD, P.C.
TTORNEYS AND COUNSELORS
MERRILLWOOD BUILDING
251 MERRILL STREET
SECOND FLOOR
P.O. BOX 1899
3IRMINGHAM, MI 48012-1899

(248) 647-8590

2

6.      That on March 2, 2001, Counter-Plaintiffs and Counter-Defendant did execute transactional documents, including, but not limited to a *Stock Purchase Agreement* (hereafter referred to as the "SPA"), a copy of which is attached hereto as **Exhibit "A"**, a *Purchase Agreement* (hereafter referred to as the "PA"), a copy of which is attached hereto as **Exhibit "B"**, and a *Promissory Note* (hereafter referred to as the "Note") in the amount of Three Hundred Thousand ($300,000.00) Dollars, a copy of which is attached hereto as **Exhibit "C"**.

7.      That the transaction documented on March 2, 2001, had an effective date of January 1, 2001, as that date coincided with the management and operation, in fact, of Kern Hospital by Counter-Defendant, directly and/or indirectly through his agents, servants and/or employees including, but not limited to, Larry Belenke.

8.      That the consideration supporting the SPA is recited in Paragraph 2 of the SPA, which provides as follows:

"2.      <u>Consideration</u>. In consideration for the sale, assignment, transfer and delivery of the Stock, Purchaser agrees to the:

A.      Assumption of bank debt owing to Ionia County National Bank in the approximate amount of $1,400,000.00;

B.      Assumption of all obligations owing under DC's accounts payable and accrual set forth on Exhibit A in the approximate amount of $448,000.00;

C.      Assumption of all obligations owing by DC for equipment leases set forth on Exhibit B in the approximate amount of $423,000.

D.      Guaranteed payment to RK in the amount of $25,000.00 per month for the twelve month period immediately subsequent to the effective date of this agreement commencing on the date 30 days subsequent to the execution date of this agreement and continuing on the same day of each subsequent month as the first payment date until twelve payments have been made in accordance with a Promissory Note attached as Exhibit C. In the event of a default on such payment under this agreement or of payment under the Purchase Agreement, RK may repossess the shares of the common stock of DC

SHBIA & GAGLEARD, P.C.
TTORNEYS AND COUNSELORS
MERRILLWOOD BUILDING
251 MERRILL STREET
SECOND FLOOR
P.O. BOX 1899
IIRMINGHAM, MI 48012-1899

(248) 647-8590

3

to be purchased under this agreement and receive additional funds up to $2,000,000.00 pursuant to the terms and conditions of a certain letter of credit of Purchaser with Merrill Lynch. A default under this Agreement and the Purchase Agreement shall occur (a) if Louis Cole fails to make a payment to Ravindranath Kambhampati, M.D. under a Promissory Note dated as of March 2, 2001, and such failure to make payment continues for ten business days after receipt by Louis Cole of written notice of default from the holder of the note, or (b) if Louis Cole or DC defaults under the terms of the obligations assumed by Louis Cole under this Agreement set forth on Schedule 4.11 or the terms of the obligations assumed under the Purchase Agreement, or (c) if a voluntary or involuntary case in bankruptcy, receivership, or insolvency is at any time instituted by or against Louis Cole and/or DC."

9.      That the consideration supporting the PA is recited in Paragraph 2 of the PA, which provides as follows:

"2.      Consideration. In consideration for the sale, assignment, transfer and delivery of the Stock, Purchaser agrees to the:

A.      Assumption of bank debt owing to Zions Bank in the approximate amount of $1,700,000.00;

B.      Assuming Fifth-Third bank lease in the amount of $150,000.00

C.      Guaranteeing payment to RK and JK in the amount of $25,000.00 per month for the twelve month period immediately subsequent to the effective date of this agreement commencing on the date 30 days subsequent to the execution date of this agreement and continuing on the same day of each subsequent month as the first payment date until twelve payments have been made in accordance with a Promissory Note attached as Exhibit A. In the event of a default on such payment under this agreement or of payment under the Stock Purchase Agreement, RK and JK may repossess the interests in Kern to be purchased under this agreement and receive additional funds up to $2,000,000.00 pursuant to the terms and conditions of a certain letter of credit of Purchaser with Merrill Lynch. A default under this Agreement and the Purchase Agreement shall occur (a) if Louis Cole fails to make a payment to Ravindranath Kambhampati, M.D. under a Promissory Note dated as of March 2, 2001, and such failure to make payment continues for ten business days after receipt by Louis Cole of written notice of default from the holder of the note, or (b) if Louis Cole or DC defaults under the terms of the obligations assumed by Louis Cole under this Agreement set forth on Schedule 4.11 or the terms of the obligations assumed under the Purchase Agreement, or (c) if a voluntary or involuntary case in bankruptcy, receivership, or insolvency is at any time instituted by or against Louis Cole and/or DC."

10.     That as part of the transaction, and as security for Counter-Defendant's performance of the various obligations assumed, Counter-Defendant represented and

SHBIA & GAGLEARD, P.C.
TTORNEYS AND COUNSELORS
MERRILLWOOD BUILDING
251 MERRILL STREET
SECOND FLOOR
P.O. BOX 1899
3IRMINGHAM, MI 48012-1899

(248) 647-8590

4

warranted that he would purchase an Irrevocable Letter of Credit from Merrill Lynch Bank USA in the amount of $2 Million dollars, and deliver the same to Counter-Plaintiffs.

11. That under the terms of the Note, Counter-Defendant agreed to pay to the order of Ravindranath Kambhampati, M.D., the amount of $300,000.00, in twelve equal monthly installments, commencing on April 1, 2001, and upon default of payment the outstanding obligation becomes immediately due and payable, and accrues interest at the rate of 7% per annum, until paid.

12. That subsequent to March 2, 2001, Counter-Defendant, directly and/or indirectly through his agents, servants and/or employees including, but not limited to, Larry Belenke, failed and refused to meet the obligations assumed, including but not limited to, the obligation to Zions National Bank, the obligation to Fifth-Third Bank, the obligation to Allegiance Healthcare, the obligation to Ionia County National Bank, the obligation to Americorp Leasing, and the obligation under the Note, to name just a few, which failure and refusal has resulted in litigation and/or foreclosure actions being commenced against the Counter-Plaintiffs and/or property owned by the Counter-Plaintiffs.

13. That pursuant to Paragraph 6.4 of the SPA and Paragraph 6.4 of the PA, Counter-Plaintiffs have demanded that Counter-Defendant indemnify them from the various claims, actions and assertions, pursuant to the terms of indemnification contained in the SPA and the PA, and that the Counter-Defendant has failed and refused to do so.

ISHBIA & GAGLEARD, P.C.
TTORNEYS AND COUNSELORS
MERRILLWOOD BUILDING
251 MERRILL STREET
SECOND FLOOR
P.O. BOX 1899
3IRMINGHAM, MI 48012-1899

(248) 647-8590

5

14. That Counter-Plaintiffs have demanded that Counter-Defendant produce the Irrevocable Letter of Credit that he was contractually obligated to provide, so that the various claims, actions and assertions could be satisfied through the funds to be available through the Irrevocable Letter of Credit, and that the Counter-Defendant has failed and refused to do so.

15. That the acts, omissions and/or commissions of the Counter-Defendant, in failing and refusing to meet those obligations assumed, have been willful, wanton, intentional and/or calculated, and have been designed to injure the good name, reputation and/or credit worthiness of the Counter-Plaintiffs, and have, in fact, injured the good name, reputation and/or credit worthiness of the Counter-Plaintiffs.

16. That the acts, omissions and/or commissions of the Counter-Defendant, in failing and refusing to meet those obligations assumed, have resulted in direct financial injury to the Counter-Plaintiffs.

## COUNT I
## BREACH OF CONTRACT - SPA

17. Counter-Plaintiffs repeat and reallege paragraphs one through sixteen, inclusive, as if fully set forth herein.

18. That at all times relevant herein the Counter-Defendant represented, warranted, contracted and agreed, that the consideration being delivered by Counter-Defendant included, but was not limited to, assumption of Ionia County National Bank debt; assumption of accounts payable; assumption of equipment lease obligations; amounts to be paid under the terms of the Note; indemnification and

SHBIA & GAGLEARD, P.C.
TTORNEYS AND COUNSELORS
MERRILLWOOD BUILDING
251 MERRILL STREET
SECOND FLOOR
P.O. BOX 1899
BIRMINGHAM, MI 48012-1899

(248) 647-8590

6

security in the form of a $2 Million dollar Irrevocable Letter of Credit.

19.     That Counter-Defendant has failed and refused to deliver the consideration promised, which failure and refusal is a material breach of the terms and conditions of the SPA.

20.     That the acts, omissions and/or commissions of the Counter-Defendant, in failing and refusing to meet those obligations assumed and deliver that consideration promised, have been willful, wanton, intentional and/or calculated, and have been designed to injure the good name, reputation and/or credit worthiness of the Counter-Plaintiffs, and have, in fact, injured the good name, reputation and/or credit worthiness of the Counter-Plaintiffs.

21.     That the acts, omissions and/or commissions of the Counter-Defendant, in failing and refusing to meet those obligations assumed and deliver that consideration promised, have resulted in direct financial injury to the Counter-Plaintiffs.

WHEREFORE, Counter-Defendants pray this Honorable Court enter judgment in their favor, and against Counter-Defendant, in an amount in excess of $75,000.00, and enter an award of Exemplary Damages by reason of Counter-Defendants extreme, outrageous and morally culpable acts, omissions and/or commissions, and assess costs and attorney fees so unjustly sustained.

## COUNT II
## BREACH OF CONTRACT - PA

22.     Counter-Plaintiffs repeat and reallege paragraphs one through twenty-

SHBIA & GAGLEARD, P.C.
TTORNEYS AND COUNSELORS
MERRILLWOOD BUILDING
251 MERRILL STREET
SECOND FLOOR
P.O. BOX 1899
IIRMINGHAM, MI 48012-1899

(248) 647-8590

7

one, inclusive, as if fully set forth herein.

23. That at all times relevant herein the Counter-Defendant represented, warranted, contracted and agreed, that the consideration being delivered by Counter-Defendant included, but was not limited to, assumption of Zions Bank debt; Fifth-Third Bank debt; indemnification and security in the form of a $2 Million dollar Irrevocable Letter of Credit.

24. That Counter-Defendant has failed and refused to deliver the consideration promised, which failure and refusal is a material breach of the terms and conditions of the PA.

25. That the acts, omissions and/or commissions of the Counter-Defendant, in failing and refusing to meet those obligations assumed and deliver that consideration promised, have been willful, wanton, intentional and/or calculated, and have been designed to injure the good name, reputation and/or credit worthiness of the Counter-Plaintiffs, and have, in fact, injured the good name, reputation and/or credit worthiness of the Counter-Plaintiffs.

26. That the acts, omissions and/or commissions of the Counter-Defendant, in failing and refusing to meet those obligations assumed and deliver that consideration promised, have resulted in direct financial injury to the Counter-Plaintiffs.

WHEREFORE, Counter-Defendants pray this Honorable Court enter judgment in their favor, and against Counter-Defendant, in an amount in excess of $75,000.00, and enter an award of Exemplary Damages by reason of Counter-

SHBIA & GAGLEARD, P.C.
TTORNEYS AND COUNSELORS
MERRILLWOOD BUILDING
251 MERRILL STREET
SECOND FLOOR
P.O. BOX 1899
IIRMINGHAM, MI 48012-1899

(248) 647-8590

8

Defendants extreme, outrageous and morally culpable acts, omissions and/or commissions, and assess costs and attorney fees so unjustly sustained.

## COUNT III
## BREACH OF CONTRACT - Note

27.     Counter-Plaintiffs repeat and reallege paragraphs one through twenty-six, inclusive, as if fully set forth herein.

28.     That the Note executed by Counter-Defendant was a contract to pay to the order of Ravindranath Kambhampati, M.D., the amount of $300,000.00, in twelve equal monthly installments, commencing on April 1, 2001.

29.     That Counter-Defendant has defaulted under the terms of the Note by failing and refusing to make payments due, with said default having accelerated the amount due under the terms of the Note and obligating Counter-Defendant to pay interest, at the rate of 7% per annum, until the note is paid in full.

30.     That the acts, omissions and/or commissions of the Counter-Defendant, in failing and refusing to meet those obligations under the terms of the Note have been willful, wanton, intentional and/or calculated, and have been designed to injure the good name, reputation and/or credit worthiness of the Counter-Plaintiffs, and have, in fact, injured the good name, reputation and/or credit worthiness of the Counter-Plaintiffs.

31.     That the acts, omissions and/or commissions of the Counter-Defendant, in failing and refusing to meet those obligations under the terms of the Note have resulted in direct financial injury to the Counter-Plaintiffs.

ISHBIA & GAGLEARD, P.C.
TTORNEYS AND COUNSELORS
MERRILLWOOD BUILDING
251 MERRILL STREET
SECOND FLOOR
P.O. BOX 1899
3IRMINGHAM, MI 48012-1899

(248) 647-8590

9

WHEREFORE, Counter-Defendants pray this Honorable Court enter judgment in their favor, and against Counter-Defendant, in an amount in excess of $75,000.00, and enter an award of Exemplary Damages by reason of Counter-Defendants extreme, outrageous and morally culpable acts, omissions and/or commissions, and assess costs and attorney fees so unjustly sustained.

## COUNT IV
## FRAUDULENT INDUCEMENT TO CONTRACT
## SPA and PA

32.    Counter-Plaintiffs repeat and reallege paragraphs one through thirty-one, inclusive, as if fully set forth herein.

33.    That Counter-Defendant made the representations concerning assuming liabilities under the terms of the SPA and PA, making payments under the terms of the Note, and providing indemnification and posting security in the form of a $2 Million Irrevocable Letter of Credit under the terms of the SPA and the PA, with the specific intent that Counter-Plaintiffs would rely on those representations.

34.    That Counter-Plaintiffs did, in fact, rely upon the representations made by Counter-Defendant.

35.    That the reliance, in fact, of Counter-Plaintiffs was reasonable.

36.    That the representations made by Counter-Defendant were false when made by Counter-Defendant, were known to be false when made by Counter-Defendant, or were made by Counter-Defendant with a reckless indifference to the truth of the representations.

37.    That as a direct and proximate result of the acts, omissions and/or

SHBIA & GAGLEARD, P.C.
TTORNEYS AND COUNSELORS
MERRILLWOOD BUILDING
281 MERRILL STREET
SECOND FLOOR
P.O. BOX 1899
3IRMINGHAM, MI 48012-1899

(248) 647-8590

10

commissions of the Counter-Defendant, the Counter-Plaintiffs have sustained significant injury including but not limited to injury to good name, reputation and/or creditworthiness of the Counter-Plaintiffs and direct financial injury to the Counter-Plaintiffs.

WHEREFORE, Counter-Defendants pray this Honorable Court enter judgment in their favor, and against Counter-Defendant, in an amount in excess of $75,000.00, and enter an award of Exemplary Damages by reason of Counter-Defendants extreme, outrageous and morally culpable acts, omissions and/or commissions, and assess costs and attorney fees so unjustly sustained.

## COUNT V
## NEGLIGENT AND/OR INNOCENT MISREPRESENTATION
## SPA and PA

38. Counter-Plaintiffs repeat and reallege paragraphs one through thirty-seven, inclusive, as if fully set forth herein.

39. That Counter-Defendant made the representations concerning assuming liabilities under the terms of the SPA and PA, making payments under the terms of the Note, and providing indemnification and posting security in the form of a $2 Million Irrevocable Letter of Credit under the terms of the SPA and the PA, with the specific intent that Counter-Plaintiffs would rely on those representations.

40. That the representations were made in connection with the making of contracts, to-wit: the SPA, the PA, and the Note, between Counter-Plaintiffs and Counter-Defendant.

41. That the representations were false when made, and/or Counter-

ISHBIA & GAGLEARD, P.C.
TTORNEYS AND COUNSELORS
MERRILLWOOD BUILDING
251 MERRILL STREET
SECOND FLOOR
P.O. BOX 1899
BIRMINGHAM, MI 48012-1899

(248) 647-8590

11

Defendant should have known them to be false when made and/or the representations were made negligently and/or with a reckless indifference to their truthfulness.

42.     That Counter-Plaintiffs would not have entered into the contracts, to-wit: the SPA, the PA, and the Note, if Counter-Defendant had not made the representations.

43.     That the Counter-Plaintiff have sustained losses and damages as a direct and proximate result of entering into the contracts, to-wit: the SPA, the PA, and the Note, including, but not limited to: injury to good name, reputation and/or creditworthiness of the Counter-Plaintiffs and direct financial injury to the Counter-Plaintiffs.

WHEREFORE, Counter-Defendants pray this Honorable Court enter judgment in their favor, and against Counter-Defendant, in an amount in excess of $75,000.00, and enter an award of Exemplary Damages by reason of Counter-Defendants extreme, outrageous and morally culpable acts, omissions and/or commissions, and assess costs and attorney fees so unjustly sustained.

## COUNT VI
## INDEMNIFICATION UNDER THE SPA and PA

44.     Counter-Plaintiffs repeat and reallege paragraphs one through forty-four, inclusive, as if fully set forth herein.

45.     That Paragraph 6.4 of the SPA and Paragraph 6.4 of the PA require Counter-Defendant to hold harmless and indemnify the Counter-Plaintiffs for any

SHBIA & GAGLEARD, P.C.
ATTORNEYS AND COUNSELORS
MERRILLWOOD BUILDING
251 MERRILL STREET
SECOND FLOOR
P.O. BOX 1899
BIRMINGHAM, MI 48012-1899

(248) 647-8590

12

and all demands, claims, liabilities, costs, expenses, including, without limitation, penalties and reasonable attorneys' fees and expenses and the fees of expert witnesses and other consultants, interest, court costs and amounts paid in settlement of claims, which arise out of the operations, activities and/or undertakings of Counter-Defendant, any material breach or material failure to perform by the Counter-Defendant, or any breach of any representation, warranty, covenant, statement, exhibit or schedule made by Counter-Defendant.

46.    That Counter-Plaintiffs have demanded that Counter-Defendant indemnify them from the various claims, liabilities, costs, expenses, including, without limitation, penalties and reasonable attorneys' fees and expenses and the fees of expert witnesses and other consultants, interest, court costs and amounts paid in settlement of claims, which arise out of the operations, activities and/or undertakings of Counter-Defendant, any material breach or material failure to perform by the Counter-Defendant, or any breach of any representation, warranty, covenant, statement, exhibit or schedule made by Counter-Defendant, pursuant to the terms of indemnification contained in the SPA and the PA, and that the Counter-Defendant has failed and refused to do so.

47.    That Counter-Defendant has failed and refused to deliver the consideration promised, which failure and refusal is a material breach of the terms and conditions of the PA.

48.    That the acts, omissions and/or commissions of the Counter-Defendant, in failing and refusing to indemnify and hold Counter-Plaintiffs harmless, have been

SHBIA & GAGLEARD, P.C.
TTORNEYS AND COUNSELORS
MERRILLWOOD BUILDING
251 MERRILL STREET
SECOND FLOOR
P.O. BOX 1899
IIRMINGHAM, MI 48012-1899

(248) 647-8590

13

willful, wanton, intentional and/or calculated, and have been designed to injure the good name, reputation and/or credit worthiness of the Counter-Plaintiffs, and have, in fact, injured the good name, reputation and/or credit worthiness of the Counter-Plaintiffs.

49.	That the acts, omissions and/or commissions of the Counter-Defendant, in failing and refusing to indemnify and hold Counter-Plaintiffs harmless, have resulted in direct financial injury to the Counter-Plaintiffs.

WHEREFORE, Counter-Defendants pray this Honorable Court enter judgment in their favor, and against Counter-Defendant, in an amount in excess of $75,000.00, and enter an award of Exemplary Damages by reason of Counter-Defendants extreme, outrageous and morally culpable acts, omissions and/or commissions, and assess costs and attorney fees so unjustly sustained.

Respectfully submitted,

ISHBIA & GAGLEARD, P.C.

Philip Cwagenberg (P36246)
Attorney for Counter-Plaintiffs
251 Merrill, 2nd Floor
Birmingham, MI 48009
(248) 647-8590

Dated: December 10, 2002
F:\DATA\Kambhampati\Cole Litigation\Pleadings\Counterclaim.wpd

ISHBIA & GAGLEARD, P.C.
TTORNEYS AND COUNSELORS
MERRILLWOOD BUILDING
251 MERRILL STREET
SECOND FLOOR
P.O. BOX 1899
BIRMINGHAM, MI 48012-1899

(248) 647-8590

14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED