UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS COLE,

      Plaintiff/Counter-Defendant,

vs.

RAVINDRANATH KAMBHAMPATI,
M.D., the RAVINDRANATH KAMBHAMPATI,
M.D., LIVING TRUST Dated OCTOBER
20, 2000, the JANAKI KAMBHAMPATI
LIVING TRUST Dated OCTOBER
20. 2000,

      Defendants/Counter-Plaintiffs.

Case No. 02-CV-74575
Hon. Robert H. Cleland
Mag. Judge Wallace Capel

---

KOTZ, SANGSTER, WYSOCKI
  AND BERG, P.C.
Frederick A. Berg (P38002)
Attorneys for Plaintiff
400 Renaissance Center – Suite 2555
Detroit, Michigan 48243-1675
(313) 259-8300

KOTZ, SANGSTER, WYSOCKI
  AND BERG, P.C.
Frederick A. Berg (P38002)
Attorneys for Dequindre Corporation
400 Renaissance Center – Suite 2555
Detroit, Michigan 48243-1675
(313) 259-8300

ISHBIA & GAGLEARD, P.C.
Philip Cwagenberg (P36246)
Attorney for Defendants
251 Merrill, 2nd Floor
Birmingham, Michigan 48009
(248) 647-8590

---

## RESPONSE TO DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM NON-PARTY DEQUINDRE CORPORATION

Now comes Non-party DEQUINDRE CORPORATION, by and through its attorneys, KOTZ, SANGSTER, WYSOCKI AND BERG, P.C., and in response to

Defendants' Motion To Compel Production Of Documents From Non-Party Dequindre Corporation, states as follows:

1. Dequindre Corporation admits that it was served with the subpoena attached to Defendants' motion, via service on its attorney, on or about May 28, 2003.

2. Dequindre Corporation admits that Plaintiff Louis Cole is the sole shareholder of Dequindre Corporation and that Louis Cole's complaint is premised upon various breaches of contract, frauds and misrepresentations made by Defendants during the sale of stock in Dequindre Corporation by Defendant Ravindranath Kambhampati, M.D to Louis Cole.

3. Dequindre Corporation admits that Plaintiff Louis Cole's complaint seeks substantial damages, as alleged therein.

4. Dequindre Corporation denies that the allegations of Louis Cole are "unfounded" as claimed by Defendants.

5. Dequindre Corporation denies that the subpoena is tailored to the factual allegations made by Plaintiff Louis Cole, and instead reiterates its objection that the subpoena is overly broad, unduly burdensome, harassing and seeks information protected by the attorney-client privilege, physician-patient privilege and information possibly protected from dissemination by HIPAA.

6. Dequindre Corporation denies that the requested documents "all go directly to the heart of Cole's claim against Kambhampati". Defendants' subpoena seeks documents dated from January 1, 2000 and thereafter – despite the fact that Louis Cole did not acquire an ownership interest until one year later, in January 1, 2001. Further, Defendants' subpoena requests documents not at all related or relevant to Louis Cole's

2

complaint, such as any employment agreements between Dequindre Corporation and Louis Cole, Larry Belenke and Patrick Sperti, and reports from business management consultants and/or healthcare consultants. None of these documents have anything to do with the allegations in Louis Cole's complaint against Defendants.

7. Dequindre Corporation admits the Defendants have correctly quoted the text of Fed R Civ P 26(b)(1), however deny that the requested discovery is "clearly permissible" as claimed by Defendants, and further notes that Fed R Civ P 26(b)(1) prohibits discovery of privileged documents.

8. Dequindre Corporation's relevancy objection is not "entirely spurious" simply because it is asserted by a non-party. Indeed, Fed R Civ P 45(c)(2)(B) recognizes that anyone who receives a subpoena may file objections, not just a party to the litigation.

9. To the extent that Defendants' seek documents "that Cole will need to substantiate his claim", Defendants should direct their request to Louis Cole directly. Further, this Court should ignore Plaintiff's request for an order limiting introduction of evidence by Plaintiff as such request is premature at this stage and unwarranted as the objection which is the subject of this motion is posed by Dequindre Corporation and not Plaintiff Louis Cole.

10. Dequindre Corporation does not dispute that counsel for Defendants contacted counsel for Dequindre Corporation as described.

By way of further answer to Defendants' motion to compel, Dequindre Corporation states as follows:

11. Per Fed R Civ P 26(b)(1), privileged documents are not subject to discovery.

3

12.     Dequindre Corporation raised the issue of privilege in its objection however, Defendants have not responded to this objection in their motion. On its face, Defendants' request clearly seeks information protected by the physician-patient privilege and documents which may be protected from dissemination by HIPAA. For example, request #6 seeks virtually any nature of document related to any entity which pays for health care services. Obviously, such a request could include medical records and other statutorily protected information.

13.     Further, Dequindre Corporation also objected to the production of the requested records, as the request seeks information protected by the attorney-client privilege. For example, requests #1 through #4 seeks virtually any nature of document related to any debts or obligations owed by Dequindre Corporation to a various named entities, including "litigation–related material". Full compliance with such a request would clearly violate Dequindre Corporation's attorney-client privilege. Defendants have not addressed this objection in its motion.

14.     Additionally, per Fed R Civ P 45 (c), a party serving a subpoena for documents must take steps to avoid imposing "undue burden or expense" on the person subjected to the subpoena and any order compelling production "shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying".

15.     Compliance with Defendants' subpoena would subject Dequindre Corporation to incredible expense, in terms of copying as well as the labor costs associated with locating and assembling the requested documents. On the face of the request, it is clear that Defendants are seeking a huge volume of documents and have not in any way attempted to narrow the

KOTZ, SANGSTER, WYSOCKI AND BERG, P.C.   ATTORNEYS AND COUNSELORS AT LAW, 400 RENAISSANCE CENTER, SUITE 2555, DETROIT, MICHIGAN 48243-1675

request to documents specifically relevant to this litigation. The subpoena is clearly harassing, over broad and unduly burdensome. Any order compelling production should require Defendants to reimburse Dequindre Corporation for its copying and labor expense in light of the immense volume of documents requested.

WHEREFORE, Dequindre Corporation respectfully requests that this Honorable Court enter an order denying Defendants' motion to compel documents, or in the alternative, enter an order limiting production to those items not protected from discovery by appropriate privileges and requiring Defendants to reimburse Dequindre Corporation for its labor and copying expenses incurred in responding to Defendants' subpoena, together with any additional relief this Court deems fair and appropriate.

KOTZ, SANGSTER, WYSOCKI
AND BERG, P.C.

By: _____
Frederick A. Berg, (P38002)
Elizabeth L. Sokol (P51288)
Attorney for Plaintiff
400 Renaissance Center, Suite 2555
Detroit, Michigan 48243
(313)-259-8300

Dated: July 3, 2003

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS COLE,

    Plaintiff/Counter-Defendant,

vs.

RAVINDRANATH KAMBHAMPATI,
M.D., the RAVINDRANATH KAMBHAMPATI,
M.D., LIVING TRUST Dated OCTOBER
20, 2000, the JANAKI KAMBHAMPATI
LIVING TRUST Dated OCTOBER
20. 2000,

    Defendants/Counter-Plaintiffs.

Case No. 02-CV-74575
Hon. Robert H. Cleland
Mag. Judge Wallace Capel

FILED
2003 JUL -3  P 2: 29
U.S. DIST COURT CLERK
EAST DIST MICHIGAN
DETROIT

---

**KOTZ, SANGSTER, WYSOCKI**
 **AND BERG, P.C.**
Frederick A. Berg (P38002)
Attorneys for Plaintiff
400 Renaissance Center – Suite 2555
Detroit, Michigan 48243-1675
(313) 259-8300


**KOTZ, SANGSTER, WYSOCKI**
 **AND BERG, P.C.**
Frederick A. Berg (P38002)
Attorneys for Dequindre Corporation
400 Renaissance Center – Suite 2555
Detroit, Michigan 48243-1675
(313) 259-8300

**ISHBIA & GAGLEARD, P.C.**
Philip Cwagenberg (P36246)
Attorney for Defendants
251 Merrill, 2nd Floor
Birmingham, Michigan 48009
(248) 647-8590

---

## BRIEF IN SUPPORT OF RESPONSE TO DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM NON-PARTY DEQUINDRE CORPORATION

## I.   STATEMENT OF FACTS

Plaintiff Louis Cole's complaint against Defendants arises out of numerous frauds, misrepresentations and breaches of contracts committed by Defendants throughout the course of Louis Cole's purchase of Dequindre Corporation d/b/a Kern Hospital and the building occupied by Kern Hospital from Defendants. Following the sale, Louis Cole became the sole shareholder in Dequindre Corporation. As admitted in Defendants' brief supporting their motion, these breaches include misrepresentations regarding the assumption of various debts, account payables and leases, as well as Defendants' failure to disclose a pending Medicare investigation prior to the completion of the sale.

On or about May 28, 2003, Defendants served their subpoena upon the undersigned as counsel for Dequindre Corporation. Contrary to the claim made by Defendants, the subpoena is not tailored to the factual allegations made by Plaintiff Louis Cole in his complaint. Instead, the subpoena goes well beyond the allegations contained within Louis Cole's complaint and is overly broad, unduly burdensome, harassing and seeks information protected by the attorney-client privilege, physician-patient privilege and information possibly protected from dissemination by HIPAA.

Accordingly, per Fed R Civ P 45(c)(2)(B), non-party Dequindre Corporation served its written objection on June 11, 2003, citing the above concerns. Defendants' motion to compel was filed soon thereafter.

## II.   LAW AND ARGUMENT

Dequindre Corporation recognizes that Fed R Civ P 26(b)(1) generally provides for far-reaching and open discovery. However, the Court Rules do not leave Dequindre

2

Corporation without any protection in the face of Defendants' subpoena. Instead, Fed R Civ P 26(b)(1) provides that information and documents protected by any applicable privilege are not subject to discovery. Further, Fed R Civ P 45(c) provides that a party serving a subpoena must take steps to avoid "undue burden or expense" to the person subjected to the subpoena and any order compelling production "shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying".

While Defendants' motion admits the it is Defendants' burden to establish "good cause" to justify enforcement of the subpoena, not once do Defendants actually respond to the privilege objections made by Dequindre Corporation. Moreover, Defendants' only real argument in response to Dequindre Corporation's objection based upon the clearly burdensome and expensive nature of compliance with Defendants' subpoena is that since Dequindre Corporation did not advise as to the number of pages of documents which would be responsive to the subpoena, the objection is unfounded. Defendants' argue that the length of Plaintiff's complaint somehow entitles them to issue a subpoena which is unreasonable. Plainly, on these arguments, Defendants cannot establish "good cause" as defined in *Goodyear v Kirk's Tire & Auto*, 211 FRD 658 (2003) or any other case.

### A. Privileged Documents Are Not Subject To Production Pursuant To Defendants' Subpoena.

First, looking to the basis of the privileges asserted in Dequindre Corporation's objection, it is clear on the face of the subpoena that it seeks information protected by the physician-patient privilege, the attorney-client privilege and which even may be protected from dissemination by HIPAA. For example, requests #1 through #4 seeks virtually any nature of document related to any debts or obligations owed by Dequindre Corporation to a various

3

 

named entities, including "litigation–related material". Full compliance with such a request would clearly violate Dequindre Corporation's attorney-client privilege. Likewise, request #6 seeks virtually any nature of document related to any entity which pays for health care services. Obviously, such a request could include medical records and other statutorily protected information.

Whether potentially relevant evidence in a diversity case is protected from discovery as privileged is determined in accordance with state law. See Fed. R. Evid. 501; see also *Jewell v. Holzer Hosp. Found., Inc.*, 899 F.2d 1507, 1513 (6th Cir.1990). The scope of the attorney-client privilege is well defined under Michigan law:

> The attorney-client privilege attaches to direct communication between a client and his attorney as well as communications made through their respective agents. The scope of the attorney-client privilege is narrow, attaching only to confidential communications by the client to his advisor that are made for the purpose of obtaining legal advice. Where an attorney's client is an organization, the privilege extends to those communications between attorneys and all agents or employees of the organization authorized to speak on its behalf in relation to the subject matter of the communication. *Leibel v General Motors*, 250 Mich App 229, 236; 646 NW2d 179 (2002).

The physician-patient privilege equally well recognized in Michigan law:

> The physician-patient privilege was not recognized at common law, and, thus, its scope is controlled by the language of the statute. *People v. Johnson*, 111 Mich.App. 383, 314 N.W.2d 631 (1981). It is well established that the purpose of the statute is to protect the confidential nature of the physician-patient relationship and to encourage a patient to make a full disclosure of symptoms and condition. *Domako v. Rowe*, 438 Mich. 347, 354, 475 N.W.2d 30 (1991); *Gaertner v. Michigan*, 385 Mich. 49, 53, 187 N.W.2d 429 (1971); *Schechet v. Kesten*, 372 Mich. at 351, 126 N.W.2d 718; 81 Am Jur 2d, Witnesses, § 438, p 392. This Court, in *Gaertner, supra* at 53, 187 N.W.2d 429, summarized the purpose of the statute as follows:
>
> > The purpose of this statute is to protect the confidential nature of the physician-patient relationship. In *Schechet v. Kesten*, 372 Mich. 346, 351 [126 N.W.2d 718 (1964) ], this

4



> Court said of the statute: "It prohibits the physician from disclosing, in the course of any action wherein his patient or patients are not involved and do not consent, even the names of such noninvolved patients."
>
> The privilege of confidentiality belongs to the patient; it can be waived only by the patient. *Dorris v Detroit Osteopathic Hospital*, 460 Mich 26, 33-34; 594 NW2d 455 (1999).

On the face of the above described requests, it is clear that Defendants' subpoena ignores the protections afforded by Michigan law to certain documents. Defendants' motion never even mentions this issue, despite the fact that the written objection served by Dequindre Corporation specifically noted these privileges as a basis for its objection. Where Defendants' subpoena plainly seeks documents protected from discovery by applicable privileges, and where Defendants' motion does not even address the objections, there is no basis for finding the Defendants' have established "good cause".

**B. Defendants' Subpoena Seeks Irrelevant Information And Is Not Tailored To Avoid "Undue Burden And Expense" To Dequindre Corporation As Required By Fed R Civ P 45(c).**

Further, Defendants' claims notwithstanding, Defendants' subpoena clearly seeks documents which are irrelevant to the claims presented in Plaintiff's complaint or in Defendants' counter-complaint and is not narrowly tailored to avoid undue burden and expense to Dequindre Corporation.

First, within requests #1, 2, 3, 4, 5 and 6, Defendants' subpoena seeks documents dated from January 1, 2000 and thereafter – despite the fact that Louis Cole did not acquire an ownership interest until one year later, in January 1, 2001. Defendants have offered no explanation as to how any document which predates Plaintiff's interest in Dequindre Corporation is or could be relevant to this action. Further, each request seeks "any and all documents in your possession, or under your control. . . including, but not limited to all

KOTZ, SANGSTER, WYSOCKI AND BERG, P.C. ATTORNEYS AND COUNSELORS AT LAW, 400 RENAISSANCE CENTER, SUITE 2555, DETROIT, MICHIGAN 48243-1675

books, records, letters, notes, faxes, e-mail, communications, leases, rental agreement, mortgages, promissory notes, meeting agenda, default notices, payments, cancelled checks, wire transfer confirmation, messages, litigation-related (e.g. Complaint, Answer, Settlement Agreement, judgment) material of any kind whatsoever, created, prepared and/or dated on or after January 1, 2000." Dequindre Corporation fairly understands these requests to be encompassing as to require a review of virtually every written piece of paper within its control in order to ensure compliance. Obviously, a request of this breadth cannot be credibly characterized as drafted so as to avoid imposing "undue burden or expense" to Dequindre Corporation. Per Fed R Civ P 45(c), any order flowing from Defendants' motion must "protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying" of responsive, non-privileged documents.

Additionally, Defendants' subpoena requests categories of documents not at all related or relevant to Louis Cole's complaint, such as any employment agreements between Dequindre Corporation and Louis Cole, Larry Belenke and Patrick Sperti (request #11), and reports from business management consultants and/or healthcare consultants (request #10). None of these documents have anything to do with the allegations in Louis Cole's complaint against Defendants and are plainly irrelevant and harassing and Defendants' request for these documents should be stricken in their entirety.

6

## III. CONCLUSION

To the extent that Defendants' seek documents "that Cole will need to substantiate his claim", Defendants should direct their request to Louis Cole directly. If Mr. Cole intends to rely upon documents in the control of Dequindre Corporation in support of his claim, there is no doubt that Defendants would be entitled to make that discovery request from Mr. Cole. This Court should ignore Plaintiff's request for an order limiting introduction of evidence by Plaintiff as such request is premature at this stage and unwarranted as the objection which is the subject of this motion is posed by Dequindre Corporation and not Plaintiff Louis Cole.

WHEREFORE, Dequindre Corporation respectfully requests that this Honorable Court enter an order denying Defendants' motion to compel documents, or in the alternative, enter an order limiting production to those items not protected from discovery by appropriate privileges and requiring Defendants to reimburse Dequindre Corporation for its labor and copying expenses incurred in responding to Defendants' subpoena, together with any additional relief this Court deems fair and appropriate.

KOTZ, SANGSTER, WYSOCKI
AND BERG, P.C.

By: _____
Frederick A. Berg, (P38002)
Elizabeth L. Sokol (P51288)
Attorney for Plaintiff
400 Renaissance Center, Suite 2555
Detroit, Michigan 48243
(313)-259-8300

Dated: July 3, 2003

7



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS COLE,

               Plaintiff/Counter-Defendant,

vs.

Capel

RAVINDRANATH KAMBHAMPATI,
M.D., the RAVINDRANATH KAMBHAMPATI,
M.D., LIVING TRUST Dated OCTOBER
20, 2000, the JANAKI KAMBHAMPATI
LIVING TRUST Dated OCTOBER
20. 2000,

               Defendants/Counter-Plaintiffs.

Case No. 02-CV-74575
Hon. Robert H. Cleland
Magistrate Judge Wallace

---

| **KOTZ, SANGSTER, WYSOCKI** | **ISHBIA & GAGLEARD, P.C.** |
| **AND BERG, P.C.** | Philip Cwagenberg (P36246) |
| Frederick A. Berg (P38002) | Attorney for Defendants |
| Gregory S. Pierce (P45552) | 251 Merrill, 2nd Floor |
| Attorneys for Plaintiff | Birmingham, Michigan 48009 |
| 400 Renaissance Center – Suite 2555 | (248) 647-8590 |
| Detroit, Michigan 48243-1675 | |
| (313) 259-8300 | |

FILED
2003 JUL -3 P 2:29
U.S. DIST. COURT CLERK
U.S. DIST. MICHIGAN
DETROIT

---

## PROOF OF SERVICE

STATE OF MICHIGAN      )
                        ) ss
COUNTY OF WAYNE      )

KRISTIN NELSON, being first duly sworn, deposes and says that on 3RD day of

July, 2003, she served a copy of the following:

1. Response to Defendants' Motion to Compel Production of Documents from Non-Party Dequindre Corporation;

2. Brief in Support of Response to Defendants' Motion to Compel Production of Documents from Non-Party Dequindre Corporation;



along with a copy of this:

3. Proof of Service;

via first class mail, pursuant to MCR 2.107(C)(3), upon:

Philip Cwagenberg
**ISHBIA & GAGLEARD, P.C.**
Merrillwood Building
251 Merrill Street, Second Floor
Birmingham, Michigan 48009

KRISTIN NELSON

Subscribed and sworn to before me
this 3RD day of July, 2003.

Leslie LaVerdiere, Notary Public
Macomb County, Acting in Wayne County
State of Michigan
My Commission expires:  8/27/05

2